NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: TOWER PARK PROPERTIES, LLC DEBTOR<br><br>TOWER PARK PROPERTIES, LLC, Reorganized Debtor,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>FIDUCIARY TRUST INTERNATIONAL OF CALIFORNIA, INC., a California corporation, in its capacity as Trustee of the Mark Hughes Family Trust,<br><br>Defendant - Appellee. | No. 25-444<br><br>D.C. No. 2:22-cv-04718-CAS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted August 4, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In this action against Fiduciary Trust International of California ("FTIC"), Tower Park Properties, LLC ("Tower Park") appeals the district court's affirmance of the bankruptcy court's dismissal of Tower Park's first amended complaint and denial of leave to amend. We review de novo a district court's decision on appeal from a bankruptcy court. *In re Zimmer*, 313 F.3d 1220, 1222 (9th Cir. 2002). We review the denial of leave to amend for an abuse of discretion but the question of futility of amendment de novo. *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685 (9th Cir. 2024). We have jurisdiction under 28 U.S.C. §§ 158(d)(1) and 1291. We affirm.

1. Tower Park's claims fail because the first amended complaint lacks factual allegations sufficient to establish that FTIC plausibly caused Tower Park's damages.[1] *See Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 628–29 (Ct. App. 2009) (requiring causation for breach of contract); *Thompson Pac. Constr., Inc. v. City of Sunnyvale*, 66 Cal. Rptr. 3d 175, 188 (Ct. App. 2007) (requiring causation for breach of the implied covenant of good faith and fair dealing). Tower Park argues that FTIC caused Tower Park's damages by objecting to, and causing Alexander Hughes to object to, the settlement agreement between Tower Park and

---

[1] Tower Park forfeited its causal arguments about actions by FTIC that postdate February 5, 2013, by not raising them before the district court. We therefore do not address those arguments. *See Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011) ("[W]e generally will not consider arguments raised for the first time on appeal, although we have discretion to do so.").

the Mark Hughes Family Trust. But FTIC's and Hughes's objections cannot have caused Tower Park's damages because the bankruptcy court overruled the objections.

Tower Park's argument that FTIC caused Hughes to appeal the bankruptcy court's approval of the settlement agreement and therefore caused Tower Park's damages likewise fails. Most of Tower Park's allegations are conclusory and therefore are "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The allegations that are factual do not suggest that FTIC caused Hughes to appeal. Tower Park's factual allegations instead suggest that Hughes himself caused Tower Park's damages. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("We have held that a plaintiff can . . . plead [itself] out of a claim by including unnecessary details contrary to [its] claims."), *as amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

2. The bankruptcy court provided Tower Park two opportunities to amend its complaint, and Tower Park took advantage of only the second one. Tower Park fails to articulate how the bankruptcy court abused its discretion when denying leave to amend the first amended complaint. *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) ("[W]hen the [lower] court has already afforded a plaintiff an opportunity to amend the complaint, it has wide discretion in granting or refusing

leave to amend after the first amendment, and only upon gross abuse will its rulings be disturbed." (citation modified)).

**AFFIRMED.**